UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOSE REDONDO,

    Plaintiff,

v.                                    CASE NO.:

PROTON ELECTRIC SERVICE, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE REDONDO ("Plaintiff" or "Mr. Redondo") files suit against the Defendant, PROTON ELECTRIC SERVICE, LLC, a Florida Limited Liability Company ("Proton" or "Defendant"), and alleges as follows:

1.    Plaintiff brings these claims for disability discrimination and retaliation against Defendant for its termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended. 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2.    The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 et seq.  Specifically, Plaintiff was discriminated against, treated differently than other employees, and ultimately fired, solely because of his disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

4. At all times material, Plaintiff was a resident of Palm Beach County, Florida.

5. During the relevant limitations period, Plaintiff was an employee of Defendant, and worked as Defendant's Foreman.

6. Plaintiff is protected by the ADA because: (a) he was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and (b) he suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

7. Defendant was at all material times an "employer" as defined by the ADA.

## CONDITIONS PRECEDENT

8. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant.

9. On October 31, 2018, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his ADA claims within 90 days of his receipt of the same.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

12. Mr. Redondo worked for Proton as a Foreman from May 2011, until his unlawful termination on March 13, 2017.

13. During his tenure, Mr. Redondo was an exemplary employee, who had no significant history of attendance, performance, or disciplinary issues.

14. In November 2016, Mr. Redondo suffered a left knee meniscus injury while at Proton's work site, a health condition considered a "protected disability" under the ADA.

15. On January 17, 2017, Mr. Redondo required knee surgery.

16. On February 10, 2017, Mr. Redondo returned to work with light duty "no climbing ladders/stairs" restrictions from his doctor.

17. Mr. Redondo is an individual who, with minimal accommodations, was fully capable of performing the essential functions of his job.

18. This accommodation would have imposed no undue hardship on Defendant.

19. Despite Mr. Redondo's repeated reasonable accommodation requests, Defendant continuously assigned Mr. Redondo tasks that violated his work restrictions, i.e. job assignments which required him to climb ladders and flights of stairs.

20. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

21. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

22. Despite Mr. Redondo's repeated accommodation requests, and objections to the continued lack of accommodation, Defendant nonetheless required him to complete tasks that not only violated his work restrictions, but also exacerbated his injuries.

23. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

24. On March 13, 2017, following multiple objections/complaints to Defendant regarding its failure to accommodate his disability, Mr. Redondo was terminated.

25. It is unlawful for an employer to discriminate/retaliate against an employee who seeks workplace accommodations, which is exactly what occurred following Mr. Redondo's return from medical leave and his multiple requests for a reasonable accommodation for his ADA-protected disability. 42 U.S.C. § 12102.

26. Given the timing and circumstances leading to Mr. Redondo's termination, Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

27. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA.

28. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position with an accommodation as permitted by law.

29. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if he did.

30. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

31. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

32. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

33. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is the member of protected classes as envisioned by the ADA.

34. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

## COUNT I:
## AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

35. Plaintiff realleges and adopts the allegations contained in paragraphs 1-34 as if fully set forth in this Count.

36. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

37. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

38. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

39. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

40. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

41. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF AS TO COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

42. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

43. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

44. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

45. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

46. Provide any additional relief that this Court deems just.

## COUNT II:
## RETALIATION UNDER THE ADA

47. Plaintiff realleges and adopts the allegations contained in paragraphs 1-34 as if fully set forth in this Count.

48. Plaintiff was terminated approximately one month following his return from surgery and multiple requests for a reasonable accommodation.

49. Plaintiff's complaints to management and multiple requests for a reasonable accommodation constituted protected activity under 42 U.S.C. § 12203(a)-(b) of the ADA.

50. Plaintiff was terminated as a direct result of his objections and requests for accommodation.

51. Plaintiff's request for accommodation and multiple complaints, thereafter, and his termination are causally related and share a close temporal proximity.

52. Defendant's stated reasons for Plaintiff's termination are pretext.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

53. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

54. Require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through and award of front pay;

55. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

56. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

Provide any additional relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 28th day of January 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*\_\_\_\_
/s Noah E. Storch
Noah E. Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*